# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-5023 PA (AGRx) | Date | September 14, 2015 |
|---|---|---|---|
| Title | Anthony Rachall v. City of El Segundo, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes Kerr | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - ORDER BIFURCATING MONELL & CANTON CLAIMS AND STAYING RELATED DISCOVERY

This action includes claims brought under 42 U.S.C. § 1983 by plaintiff Anthony Rachall ("Plaintiff"). Plaintiff asserts claims against El Segundo Police Officers Sabrina Fabbri, Joe Cameron, and Brandon Browning for civil rights violations pursuant to 42 U.S.C. § 1983. Specifically, Plaintiff alleges Officers Fabbri, Cameron, and Browning violated his rights under the First, Fourth, and Fourteenth Amendments against unlawful search and seizure, retaliation for engaging in protected First Amendment activity, and destruction of property without due process.

Plaintiff's Complaint also asserts claims against the City of El Segundo (the "City"), the El Segundo Police Department ("ESPD"), and El Segundo Police Chief Mitch Tavera under City of Canton v. Harris, 489 U.S. 378, 388, 109 S. Ct. 1197, 1204, 103 L. Ed. 2d 412 (1989), for failure to implement adequate policies, standards, and training to assure that its deputies do not engage in misconduct and Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 690, 98 S. Ct. 2018, 2036, 56 L. Ed. 2d 611 (1978), for having unconstitutional policies, customs, or practices.

On the facts alleged in this action, it appears to the Court that the Monell and Canton claims may never have to be tried. Under California law, a municipality is liable for any compensatory damages awarded against the identified deputy for his personal involvement in any constitutional violations. These are the same damages potentially applicable against the City, and it is not required to pay punitive damages. If there is a judgment for the identified officers on the question of a constitutional violation, then the City is not liable. City of Los Angeles v. Heller, 475 U.S. 796, 799, 106 S. Ct. 1571, 1573, 89 L. Ed. 2d 806 (1986); Palmerin v. City of Riverside, 794 F.2d 1409, 1414–15 (9th Cir. 1986). Thus, the trial of the Monell and Canton claims is only likely if there is a judgment in favor of the identified officers on some ground other than the absence of a constitutional violation, such as qualified immunity.

In these circumstances, the Court determines that Plaintiff's claims under Monell and Canton should be and are bifurcated from the remaining claims in the case, and will be tried after the liability or non-liability of the individual defendants is determined. The Monell and Canton claim will be tried, if necessary, before a different jury at a date to be set in the future. With the exception set forth below, discovery is also hereby stayed on the Monell and Canton issues, defined as issues related only to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-5023 PA (AGRx) | Date | September 14, 2015 |
|---|---|---|---|
| Title | Anthony Rachall v. City of El Segundo, et al. | | |

liability of the City, ESPD, and Chief Tavera on their allegedly unconstitutional policies, practices, or training procedures.  This stay also applies to any supervisorial or vicarious liability claims against the City, ESPD, and Chief Tavera on the state law claims alleged against them.  As an exception to the above, discovery may proceed on any policy, practice, or training relied on by the individual defendants to support or justify a claim of qualified immunity.  If requested in discovery, the individual defendants shall specify whether they claim qualified immunity and, if so, any policy, procedure, or training they will rely upon to support such a claim, and shall not later claim qualified immunity based on any unlisted policy, procedure, or training.

    IT IS SO ORDERED.